Sandro Melvin **CARRILLO–COCOM**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 12–73209.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2014.*

Filed May 23, 2014.

Scott Mossman, Law Office of Scott A. Mossman, Oakland, CA, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Norah Ascoli Schwarz, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

## MEMORANDUM **

Sandro Melvin Carrillo–Cocom, a native and citizen of Belize, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the agency's determination that the threats, rock-throwing, and economic deprivation Carrillo–Cocom experienced on account of his membership in the Freemasons, even considered cumulatively, did not rise to the level of past persecution. *See Nagoulko*, 333 F.3d at 1016 (discrimination, harassment, and physical encounters without any significant physical violence did not compel finding of past persecution). Substantial evidence also supports the agency's determination that Carrillo–Cocom failed to demonstrate a well-founded fear of future persecution on account of his Freemason or political party membership. *Id.* at 1018. We reject Carrillo–Cocom's contention that the BIA's decision lacked sufficient clarity, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim), and we reject his contention that the IJ and BIA overlooked key evidence in the record, *see Almaghzar v. Gonzales*, 457 F.3d 915, 921–22 (9th Cir.2006). Accordingly, Carrillo–Cocom's asylum claim fails.

Because Carrillo–Cocom failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessari-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ly fails. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.